IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARTIN SALCIDO,

        Plaintiff,                    No. 2:11-cv-0611 LKK KJN P

    vs.

D.K. SISTO, et al.,

        Defendants.             FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding without counsel. On July 19, 2011, defendants filed a motion to dismiss plaintiff's civil rights complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. On May 20, 2011, the court advised plaintiff that motions to dismiss shall be briefed pursuant to Local Rule 230(*l*). (Dkt. No. 10.)

        On August 24, 2011, plaintiff was ordered to file an opposition or a statement of non-opposition to the pending motion within thirty days. In that same order, plaintiff was advised of the requirements for filing an opposition to the pending motion and that failure to oppose such a motion would be deemed as consent to have the: (a) pending motion granted; (b) plaintiff's claims against defendant Rice dismissed for lack of prosecution. In the same order, plaintiff was informed that failure to file an opposition would result in a recommendation that defendant Rice's motion to dismiss be granted.

1        On September 27, 2011, the court granted plaintiff an additional 28 days in which
2 to file an opposition to defendant Rice's motion to dismiss. (Dkt. No. 17.) On October 12, 2011,
3 the September 27, 2011 order was re-served on plaintiff at his address of record.
4        Twenty-eight days from October 12, 2011 have now passed, and plaintiff has not
5 responded to the court's order.
6        "Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss
7 an action for failure to comply with any order of the court." Ferdik v. Bonzelet, 963 F.2d 1258,
8 1260 (9th Cir. 1992). "In determining whether to dismiss a case for failure to comply with a
9 court order the district court must weigh five factors including: '(1) the public's interest in
10 expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of
11 prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits;
12 and (5) the availability of less drastic alternatives.'" Ferdik, 963 F.2d at 1260-61 (quoting
13 Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986)); see also Ghazali v. Moran, 46
14 F.3d 52, 53 (9th Cir. 1995).
15        In determining to recommend that this action be dismissed, the court has
16 considered the five factors set forth in Ferdik. Here, as in Ferdik, the first two factors strongly
17 support dismissal of this action. The action has been pending for eight months. Plaintiff's
18 failure to comply with the Local Rules and the court's August 24, 2011 and September 27, 2011
19 orders suggests that he has abandoned this action and that further time spent by the court thereon
20 will consume scarce judicial resources in addressing litigation which plaintiff demonstrates no
21 intention to pursue.
22        Under the circumstances of this case, the third factor, prejudice to defendants
23 from plaintiff's failure to oppose the motion, also favors dismissal. Plaintiff's failure to oppose
24 the motion prevents defendant Rice from addressing plaintiff's substantive opposition, and
25 would delay resolution of this action, thereby causing defendant Rice to incur additional time and
26 expense.

1    The fifth factor also favors dismissal. The court has advised plaintiff of the
2 requirements under the Local Rules and granted ample additional time to oppose the pending
3 motion, all to no avail. The court finds no suitable alternative to dismissal of this action.
4    The fourth factor, public policy favoring disposition of cases on their merits,
5 weighs against dismissal of this action as a sanction. However, for the reasons set forth supra,
6 the first, second, third, and fifth factors strongly support dismissal. Under the circumstances of
7 this case, those factors outweigh the general public policy favoring disposition of cases on their
8 merits. See Ferdik, 963 F.2d at 1263.
9    For the foregoing reasons, IT IS HEREBY RECOMMENDED that plaintiff's
10 claims against defendant Rice be dismissed without prejudice pursuant to Federal Rule of Civil
11 Procedure 41(b). (Dkt. No. 15.)
12    These findings and recommendations are submitted to the United States District
13 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen
14 days after being served with these findings and recommendations, any party may file written
15 objections with the court and serve a copy on all parties. Such a document should be captioned
16 "Objections to Magistrate Judge's Findings and Recommendations." Any response to the
17 objections shall be filed and served within fourteen days after service of the objections. The
18 parties are advised that failure to file objections within the specified time may waive the right to
19 appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
20 DATED: November 14, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

salc0611.46fr