IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARTIN SALADO,

      Plaintiff,                 No. 2:11-cv-0611 KJN P

   vs.

D.K. SISTO, et al.,

      Defendants.        ORDER

_____/

      On November 21, 2011, defendant Conrad[1] filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff has not opposed the motion.

      Local Rule 230(l) provides in part: "Failure of the responding party to file written opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion . . . ." On May 20, 2011, plaintiff was advised of the requirements for filing an opposition to a motion and that failure to oppose such a motion may be deemed a waiver of opposition to the motion. Oppositions are due 21 days after the motion is filed.

      Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the

---

[1] Defendant Sisto was dismissed on May 23, 2011. On November 15, 2011, the court recommended that plaintiff's claims against defendant Rice be dismissed.

1

inherent power of the Court." In the order filed May 20, 2011, plaintiff was also advised that failure to comply with the Local Rules may result in a recommendation that the action be dismissed.

Finally, Rule 41(b) of the Federal Rules of Civil Procedure provides:

> **Involuntary Dismissal; Effect**. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

Id.

Good cause appearing, IT IS HEREBY ORDERED that, within twenty-one days from the date of this order, plaintiff shall file an opposition, if any, to the motion to dismiss. Failure to file an opposition will be deemed as consent to have the: (a) pending motion granted; and (b) plaintiff's claims against defendant Conrad dismissed for lack of prosecution. Such a failure shall result in a recommendation that defendant Conrad's motion to dismiss be granted.

DATED:   December 20, 2011

_Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

sala0611.nop2