1
2
3
4
5
6
7
8                        IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10    MARTIN SALCIDO,

11              Plaintiff,                    No. 2:11-cv-0611 LKK KJN P

12        vs.

13    D.K. SISTO, Warden, et al.,[1]          ORDER AND

14              Defendants.                   FINDINGS AND RECOMMENDATIONS

15    _____/

16    I. Introduction

17              Plaintiff is a state prisoner, proceeding without counsel and in forma pauperis,

18    with an action filed pursuant to 42 U.S.C. § 1983.  On July 19, 2011, defendant Rice filed a

19    motion to dismiss on the grounds that plaintiff's complaint fails to state a cognizable claim under

20    the Eighth Amendment.  After receiving two extensions of time, plaintiff failed to file an

21    opposition, and on November 15, 2011, findings and recommendations issued recommending

22    that plaintiff's claims against defendant Rice be dismissed without prejudice.  Plaintiff did not

23    file timely objections or otherwise respond to the findings and recommendations.

24    _____

25        [1] On May 23, 2011, plaintiff's claims against defendant Sisto were dismissed from this
      action.  (Dkt. No. 12.)
26

                                            1

1    On November 21, 2011, defendant Conrad filed a motion to dismiss.  On

2  December 21, 2011, plaintiff was granted an additional twenty-one days in which to file an

3  opposition to defendant Conrad's motion to dismiss.  On December 22, 2011, plaintiff filed an

4  untimely opposition to defendant Rice's motion to dismiss.  Two months have passed since the

5  filing of defendant Conrad's motion to dismiss, and plaintiff has not filed an opposition to

6  defendant Conrad's motion to dismiss.

7    Although plaintiff is proceeding without counsel, it is incumbent upon him to

8  diligently prosecute this action.  Plaintiff is cautioned that failure to follow future court orders

9  may result in the dismissal of this action.  Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.),

10  cert. denied, 506 U.S. 915 (1992) (the court has the power to control its docket and the cases

11  pending before it).  In an abundance of caution, the court will vacate the November 15, 2011

12  findings and recommendations, and rule on the merits of defendant Rice's motion to dismiss.

13  Because plaintiff has failed to timely oppose defendant Conrad's motion, the court will also rule

14  on defendant Conrad's motion absent plaintiff's opposition.

15    For the reasons set forth below, the undersigned recommends that defendant

16  Rice's motion to dismiss be granted, and grants defendant Conrad's motion to dismiss with leave

17  for plaintiff to file an amended complaint as to defendant Conrad.

18  II.  Plaintiff's Complaint

19    In his verified complaint, plaintiff alleges that on July 30, 2008, during an

20  education class, he began to experience severe chest pains.  He informed his "supervisor,"

21  defendant Rice,[2] that plaintiff was under chronic cardiac care, had not received his "regular"

22  medication for five days, and was suffering from extreme chest pains.  Plaintiff asked for a pass

23  to the medical clinic.  Defendant Rice allegedly told plaintiff that Rice would not write one, but

24  ////

25  _____

26    [2]  In the caption, plaintiff identifies defendant Rice as a "work supervisor," but plaintiff
identifies defendant Rice as his teacher in his administrative appeals.  (Dkt. No. 1 at 18.)

1    that "if it was that much of an emergency, C/O Conrad would have to grant permission and issue

2    the pass." (Dkt. No. 1 at 3.)

3          Plaintiff alleges that he told defendant Conrad the same complaints.  Plaintiff

4    alleges defendant Conrad "acknowledged [plaintiff's] ongoing medical condition," but stated "if

5    [plaintiff] had not . . . received [his] heart meds for five days, that was an issue [plaintiff] should

6    take up with [his] housing unit officers and medical staff." (Dkt. No. 1 at 4.)  Defendant Conrad

7    did not provide plaintiff a pass to the clinic.  At some point after Conrad denied the pass, plaintiff

8    walked out toward the clinic, but went man down with a heart attack en route to the clinic.  (Dkt.

9    No. 1 at 4.)  Plaintiff claims he was provided three doses of nitroglycerin, an EKG, x-rays, a pain

10   shot, and had blood drawn, and has not yet completely recovered.

11          Plaintiff refers the court to an "emergency medical response report," (dkt. no. 1 at

12   4), but no such report was provided.  (Dkt. No. 1, *passim*.)  Plaintiff provides a "Health Care

13   Services Physician Request for Services" form, dated July 31, 2008.  (Dkt. No. 1 at 5.)  Dr.

14   Rohrer ordered a "Cardiology - EST" test, but marked the form "routine," not emergent or

15   urgent.  (Id.)  Plaintiff provides copies of his administrative appeals.

16          Plaintiff also provides declarations from five other inmates stating that they

17   witnessed plaintiff tell defendant Rice that plaintiff was having chest pains, and witnessed Rice

18   deny plaintiff's request for a pass to the clinic.  (Dkt. No. 1 at 20-24.)  Each declares they

19   "observed" plaintiff as he "stood in the doorway and requested a pass to the clinic due to his

20   chest pains, only to be denied by" defendant Conrad.  (Id.)

21          Plaintiff alleges defendants Rice and Conrad were deliberately indifferent to

22   plaintiff's serious medical needs in violation of the Eighth Amendment.

23   III.  Legal Standards - Motion to Dismiss

24          Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to

25   dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

26   In considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the

3

1    court must accept as true the allegations of the complaint in question, <u>Erickson v. Pardus</u>,

2    551 U.S. 89 (2007), and construe the pleading in the light most favorable to the plaintiff.  <u>Jenkins</u>

3    <u>v. McKeithen</u>, 395 U.S. 411, 421 (1969); <u>Meek v. County of Riverside</u>, 183 F.3d 962, 965 (9th

4    Cir. 1999).  Still, to survive dismissal for failure to state a claim, a pro se complaint must contain

5    more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements

6    of a cause of action." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555-57 (2007).  In other

7    words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

8    statements do not suffice."  <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a

9    claim upon which the court can grant relief must have facial plausibility.  <u>Twombly</u>, 550 U.S. at

10   570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the

11   court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

12   <u>Iqbal</u>, 129 S. Ct. at 1949.  Attachments to a complaint are considered to be part of the complaint

13   for purposes of a motion to dismiss for failure to state a claim.  <u>Hal Roach Studios v. Richard</u>

14   <u>Feiner & Co.</u>, 896 F.2d 1542, 1555 n.19 (9th Cir.1990).

15              A motion to dismiss for failure to state a claim should not be granted unless it

16   appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which

17   would entitle him to relief.  <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984).  In general, pro

18   se pleadings are held to a less stringent standard than those drafted by lawyers.  <u>Haines v. Kerner</u>,

19   404 U.S. 519, 520 (1972).  The court has an obligation to construe such pleadings liberally.

20   <u>Bretz v. Kelman</u>, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc).  However, the court's

21   liberal interpretation of a pro se complaint may not supply essential elements of the claim that

22   were not pled.  <u>Ivey v. Bd. of Regents of Univ. of Alaska</u>, 673 F.2d 266, 268 (9th Cir. 1982).

23   IV.  <u>Eighth Amendment Standards for Deliberate Indifference to Medical Needs</u>

24              In order to state a claim for relief under the Eighth Amendment for inadequate

25   prison medical care, plaintiff must allege "deliberate indifference to serious medical needs."  <u>Jett</u>

26   <u>v. Penner</u>, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing <u>Estelle v. Gamble</u>, 429 U.S. 97, 104

(1976)).  A medical need is serious if "the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'"  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992) (quoting Estelle, 429 U.S. at 104), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  Deliberate indifference is proved by evidence that a prison official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Farmer, 511 U.S. at 837.  Mere negligence is insufficient for Eighth Amendment liability.  Frost v. Agnos, 152 F.3d 1124, 1128 (1998).

Whether a defendant had requisite knowledge of a substantial risk of harm is a question of fact and a fact finder may conclude that a defendant knew of a substantial risk based on the fact that the risk was obvious.  Farmer, 511 U.S. at 842.  While the obviousness of the risk is not conclusive, a defendant cannot escape liability if the evidence shows that the defendant merely refused to verify underlying facts or declined to confirm inferences that he strongly suspected to be true.  Id.  "Prison officials are deliberately indifferent to a prisoner's serious medical needs when they deny, delay, or intentionally interfere with medical treatment."  Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (internal citations and quotation marks omitted).  Deliberate indifference may be shown by the way in which prison officials provide medical care, Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988), or "may be shown by circumstantial evidence when the facts are sufficient to demonstrate that a defendant actually knew of a risk of harm."  Lolli v. County of Orange, 351 F.3d 410, 421 (9th Cir. 2003).  Deliberate indifference in the medical context may also be shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need.  Jett, 439 F.3d at 1096.  However, a mere difference of opinion between a prisoner and prison medical staff as to appropriate medical care does not give rise to a § 1983 claim.  Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).
////

1  V.  Analysis

2          A.  Application to Defendant Rice

3          For purposes of the instant motion, defendant Rice concedes that severe chest pain

4  is a serious medical need.  However, defendant Rice argues that plaintiff failed to state facts

5  showing that defendant Rice, a non-custodial teacher, was deliberately indifferent to plaintiff's

6  serious medical needs because defendant Rice referred plaintiff to defendant Conrad, who was in

7  charge of custody for the Education Building.  Defendant argues this referral was consistent with

8  CDCR policy as shown by the attachment to plaintiff's complaint.  In addition, defendant argues

9  that plaintiff fails to plead any facts showing Rice's referral to defendant Conrad was improper,

10  or that Rice had the authority to release plaintiff to go to the clinic.

11          In his opposition, plaintiff contends that defendant Rice is a teacher in a

12  supervisory position, and alleges that her failure to timely provide plaintiff a pass to the medical

13  clinic caused a "substantial and extensive delay in being treated."  (Dkt. No. 25 at 2.)  Plaintiff

14  argues that "even a short delay can result in extreme pain or death and can, therefore, amount to

15  deliberate indifference."  (Id.)  Plaintiff contends that defendant Rice did not do what any

16  reasonable person in charge of the safety and well-being of others would do.  Plaintiff claims

17  defendant Rice should have allowed plaintiff access to the medical clinic, or called for medical

18  staff to come and give emergency treatment in the education building.  (Id.), citing Wynn v.

19  Southward, 251 F.3d 588, 595 (7th Cir. 2001);[3] Sealock v. California, 218 F.3d 1205, 1208 (10th

20  Cir. 2000).[4]

21  _____

22          [3]  In Wynn, the Seventh Circuit Court of Appeals found that the inmate stated an Eighth
    Amendment claim against two corrections officers based on allegations that the inmate
23  "repeatedly told prison officials that he needed his heart medication 'immediately,' that the
    officials did not respond to his requests, that he made two written requests to Southward for his
    medication, that his heart had been 'fluttering' due to the lapse in medication, and that he risked
24  'heavy chest pains' if he did not resume his medication."  Id.

25          [4]  In Sealock, the inmate began complaining of illness and chest pain on January 23 at
    1:30 a.m., but despite multiple complaints to multiple defendants, Sealock was not taken to the
26  hospital until after 1:00 p.m. on January 25.  Id.  At one point, Sealock informed one defendant

1           Taking plaintiff's allegations as true, plaintiff fails to allege facts demonstrating

2    that defendant Rice was deliberately indifferent.  Defendant Rice was working as a noncustodial

3    teacher, and referred plaintiff to defendant Conrad, who was the custody officer, to obtain the

4    medical pass.  Thus, defendant Rice's act in referring plaintiff to the custody officer cannot be

5    construed as deliberate indifference.

6           Plaintiff contends that defendant Rice did not do what any reasonable person

7    would do.  During the administrative appeals, plaintiff refers to "the education department staff

8    neglect and lack of consideration."  (Dkt. No. 1 at 18.)  However, mere negligence on the part of

9    a defendant is not sufficient to establish liability, but rather, a defendant's conduct must have

10   been wanton.  Farmer, 511 U.S. at 835; Frost, 152 F.3d at 1128.

11          Because the documents appended to the complaint confirm that defendant Rice's

12   action was proper protocol (dkt. no. 1 at 9), and plaintiff alleges no additional facts evidencing a

13   culpable state of mind, defendant Rice's motion to dismiss should be granted.

14          In his opposition, plaintiff argues that defendant Rice delayed plaintiff's medical

15   treatment, and argues that even a short delay can result in extreme pain or death, and therefore

16   amount to deliberate indifference.  (Dkt. No. 25 at 2.)  Plaintiff contends defendant Rice "caused

17   a substantial and extensive delay in being treated."  (Id.)

18          Plaintiff's complaint is devoid of reference to time.  Thus, it is unclear how long

19   the delay was between defendant Rice instructing plaintiff to see defendant Conrad, and the time

20   plaintiff spoke with Conrad.  However, the documents submitted with the complaint suggest that

21   the period of time was very short.  First, defendant Conrad was a correctional officer for

22   education building "B," who worked in the education department (dkt. no. 1 at 12).  Second, the

23

24       that he believed he was having a heart attack, and the defendant "refused to transport Sealock
     immediately to a doctor or a hospital because it was snowing outside and it would take time to
     warm up the prison van for transportation."  Id., 218 F.3d at 1210.  The court concluded that

25   there was evidence that the defendant "knew of and disregarded the excessive risk to Sealock's
     health that could result from the delay," sufficient to preclude summary judgment.  Id.  Also,

26   Sealock presented evidence of suffering severe pain for several hours.  Id.

1   five fellow inmates, who were attending class with plaintiff at the time, declare that they saw

2   plaintiff stand in the doorway and ask Conrad for a medical pass.  Because plaintiff stood in the

3   doorway of the classroom to talk to defendant Conrad, Conrad was in close proximity to the

4   classroom, apparently close enough to be within earshot of plaintiff's witnesses who were still in

5   the classroom.  Thus, it is not facially plausible that the delay resulting from Rice referring

6   plaintiff to Conrad was "substantial and extensive," or that the delay constituted deliberate

7   indifference on the part of Rice.  Plaintiff's reliance on <u>Wynn</u> or <u>Sealock</u> is unavailing because

8   they are factually distinguishable, including far longer periods of delay.

9          Moreover, the Ninth Circuit has made clear that "[w]hile poor medical treatment

10   will at a certain point rise to the level of a constitutional violation, mere malpractice, or even

11   gross negligence, does not suffice."  <u>Wood</u>, 900 F.2d at 1334; <u>McGuckin</u>, 974 F.2d at 1060 ("A

12   finding that the defendant's neglect was an 'isolated occurrence' or an 'isolated exception,' . . .

13   militates against a finding of deliberate indifference").  Also, the delay must have caused harm.

14   <u>See</u> <u>e.g.</u>, <u>O'Loughlin v. Doe</u>, 920 F.2d 614, 617 (9th Cir. 1990) (repeatedly failing to satisfy

15   requests for aspirins and antacids to alleviate headaches, nausea and pains is not constitutional

16   violation; isolated occurrences of neglect may constitute grounds for medical malpractice but do

17   not rise to level of unnecessary and wanton infliction of pain); <u>Anthony v. Dowdle</u>, 853 F.2d 741,

18   743 (9th Cir. 1988) (no more than negligence stated where prison warden and work supervisor

19   failed to provide prompt and sufficient medical care); <u>Wood</u>, 900 F.2d at 1334, 1335 (affirming

20   finding that 11-day delay in treatment for broken orthopedic pin in inmate's shoulder did not

21   cause sufficient harm in part because "the only remedy immediately available was a prescription

22   for painkillers."); <u>Mayfield v. Craven</u>, 433 F.2d 873, 874 (9th Cir. 1970) (per curiam) (11-day

23   delay in treating inmate's "serious facial bone fractures" did not violate Eighth Amendment).

24   Taking plaintiff's allegations as true, it is not facially plausible that the very brief delay between

25   defendant Rice referring plaintiff to defendant Conrad caused plaintiff's heart attack.  Rather, it

26   is more plausible that it was the result of not receiving medication for five days.

For all of the above reasons, the undersigned recommends that defendant Rice's motion to dismiss be granted.  Because plaintiff can allege no facts demonstrating defendant Rice's deliberate indifference, plaintiff should not renew his claims against defendant Rice in any amended complaint.

ii.  <u>Application to Defendant Conrad</u>

Defendant Conrad argues that plaintiff fails to allege causation; that is, plaintiff fails to plead facts showing that an earlier release to the medical clinic would have changed the outcome or prevented his heart attack.

Mere delay in medical treatment without more is insufficient to state a claim of deliberate medical indifference.  <u>Shapley v. Nevada Bd. of State Prison Com'rs</u>, 766 F.2d 404, 408 (9th Cir. 1985).  However, although the delay in medical treatment must be harmful, there is no requirement that the delay cause "substantial" harm.  <u>McGuckin</u>, 974 F.2d at 1060, citing <u>Wood</u>, 900 F.2d at 1339-40, and <u>Hudson</u>, 503 U.S. 1, 4-6 (1992).  A finding that an inmate was seriously harmed by the defendant's action or inaction tends to provide additional support for a claim of deliberate indifference; however, it does not end the inquiry.  <u>McGuckin</u>, 974 F.2d at 1060.  In summary, "the more serious the medical needs of the prisoner, and the more unwarranted the defendant's actions in light of those needs, the more likely it is that a plaintiff has established deliberate indifference on the part of the defendant."  <u>Id.</u> at 1061.

Plaintiff is a chronic cardiac care patient who has a mechanical mitral valve in his heart, and takes Coumadin, a blood thinner.  (Dkt. No. 1 at 16.)  A chronic cardiac care patient complaining of chest pains presents a serious medical need.

Plaintiff alleges that defendant Conrad acknowledged plaintiff's ongoing medical condition, and declined to grant plaintiff a medical pass despite plaintiff's complaints of chest pains.  The documents provided by plaintiff demonstrate that while defendant Conrad could not release students for routine medical visits, he did have the authority to call a medical code in the event of inmates reporting chest pains.  (Dkt. No. 1 at 9.)  However, plaintiff does not allege that

1  defendant Conrad should have called a medical code; rather, plaintiff states no effort was "put

2  forth to contact the clinic and confirm [his] chronic cardiac care treatment or to address the

3  current dilemma with [his] severe chest pains, and lack of receiving much needed medication."

4  (Dkt. No. 1 at 4.)

5          Moreover, as noted above, the complaint does not specify the timing of the events

6  on July 30, 2008.  Plaintiff does not allege that had defendant Conrad called a medical code,

7  plaintiff would have received earlier medical treatment.  Plaintiff allegedly suffered his heart

8  attack after he left the education building and was walking toward the medical clinic, but

9  provides insufficient facts to determine whether such a timing argument is plausible.  Although

10  plaintiff states that he "confronted [defendant Conrad] with the same details [he] told Ms. Rice,"

11  plaintiff does not set forth the exact words he told defendant Conrad.  In addition, plaintiff does

12  not allege that any delay attributed to defendant Conrad caused plaintiff to suffer a heart attack or

13  pain.

14          Accordingly, for all of the above reasons, defendant Conrad's motion to dismiss is

15  granted, and plaintiff is granted leave to amend should he be able to allege facts demonstrating

16  that defendant Conrad was deliberately indifferent under the standards set forth above.  Plaintiff

17  should set forth specific facts as to what he told defendant Conrad.  If plaintiff contends the delay

18  attributed to defendant Conrad constitutes deliberate indifference, plaintiff should include

19  appropriate time references, i.e. for his attendance at class, when he approached Conrad, and at

20  what time he received medical care.

21  VI.  Conclusion

22          In light of the above, plaintiff is granted leave to file an amended complaint as to

23  defendant Conrad.  If plaintiff chooses to amend the complaint, plaintiff must demonstrate how

24  the conditions about which he complains resulted in a deprivation of plaintiff's constitutional

25  rights.  Rizzo v. Goode, 423 U.S. 362, 371 (1976).

26  ////

1    In addition, plaintiff is hereby informed that the court cannot refer to a prior

2    pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that

3    an amended complaint be complete in itself without reference to any prior pleading.  This

4    requirement exists because, as a general rule, an amended complaint supersedes the original

5    complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended

6    complaint, the original pleading no longer serves any function in the case.  Therefore, in an

7    amended complaint, as in an original complaint, each claim and the involvement of defendant

8    Conrad must be sufficiently alleged.

9    However, plaintiff need not re-submit the exhibits appended to the original

10    complaint.  Plaintiff may ask the court to attach them to any amended complaint.

11    Accordingly, IT IS HEREBY ORDERED that:

12    1.  The November 15, 2011 findings and recommendations (dkt. no. 22) are

13    vacated;

14    2.  Defendant Conrad's November 21, 2011 motion to dismiss (dkt. no. 23) is

15    granted;

16    3.  Plaintiff's complaint is dismissed;

17    4.  Within thirty days from the date of this order, plaintiff shall complete the

18    attached Notice of Amendment and submit the following documents to the court:

19    a.  The completed Notice of Amendment; and

20    b.  An original and one copy of the Amended Complaint.

21    Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the

22    Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must

23    also bear the docket number assigned to this case and must be labeled "Amended Complaint."

24    Failure to file an amended complaint in accordance with this order may result in the dismissal of

25    this action.

26    ////

1    IT IS HEREBY RECOMMENDED that defendant Rice's July 19, 2011 motion to

2    dismiss (dkt. no. 15) be granted.

3    These findings and recommendations are submitted to the United States District

4    Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

5    one days after being served with these findings and recommendations, any party may file written

6    objections with the court and serve a copy on all parties.  Such a document should be captioned

7    "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

8    objections shall be filed and served within fourteen days after service of the objections.  The

9    parties are advised that failure to file objections within the specified time may waive the right to

10   appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

11    DATED:  February 3, 2012

12

13

14   KENDALL J. NEWMAN
     UNITED STATES MAGISTRATE JUDGE

15   salc0611.mtd3

16

17

18

19

20

21

22

23

24

25

26

1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MARTIN SALCIDO,

11          Plaintiff,                    No. 2:11-cv-0611 LKK KJN P

12      vs.

13   D.K. SISTO, Warden, et al.,          <u>NOTICE OF AMENDMENT</u>

14          Defendants.

15   _____/

16          Plaintiff hereby submits the following document in compliance with the court's

17   order filed _____:

18          _____     Amended Complaint

19   DATED:

20

21                                        _____

22                                        Plaintiff

23

24

25

26